UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12-CV-00157-LLK

ADRIENA POWELL                                                              PLAINTIFF

v.

CAROLYN COLVIN                                                              DEFENDANT
   Acting Commissioner of Social Security

## MEMORANDUM OPINION AND ORDER

On February 20, 2014, the Court by previous Memorandum Opinion and Order remanded this matter to the Commissioner for a new decision and presentation of a new vocational hypothetical that contemplates all of the functional limitations supported by the administrative record and found credible by the ALJ. Docket 38. Final Judgment was entered contemporaneously with the Memorandum Opinion and Order. Docket 39. Thereafter, Plaintiff filed the present Motion For Attorney Fees Under Equal Access to Justice Act (EAJA), to which the Commissioner has responded in opposition, and Plaintiff has replied. Docket Nos. 40, 41, and 42.

The Motion will be DENIED because the Commissioner's position as a whole – considered in terms of her litigation position before this Court and her adjudicator position at the administrative level – was "substantially justified" as contemplated by the EAJA, 28 U.S.C. § 2412(d).

### Discussion

As a threshold matter, the Court acknowledges that Plaintiff is a "prevailing party." "No holding of this Court has ever denied prevailing-party status (under § 2412(d)(1)(B)) to a plaintiff who won a remand order pursuant to sentence four of [42 U.S.C.] § 405(g)." *Secretary v. Schaefer*, 509 U.S. 292, 300 (1993).

Section 2412(d) provides, in pertinent part, that "a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs ... unless the court finds that

1

the position of the United States was substantially justified or that special circumstances make an award unjust." The government bears the burden of establishing that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

The government contends that it has met its burden of proving that its position was substantially justified. The Court agrees.

The government's "position" means "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." Section 2412(d)(2)(D). Congress added this definition to guarantee that the government may not avoid liability for unjustifiable agency action, which forced the plaintiff to litigate, by reasonable behavior during the litigation. *Commissioner, INS v. Jean*, 496 U.S. 154 n.7 (1990).

Nevertheless, although both pre-litigation and litigation conduct must be considered in determining the reasonableness of the government's position, "only one threshold determination for the entire civil action is to be made." *Id.* at 159.

In addition, the Court will not dissect the government's litigation position on an item-by-item basis. "Any given civil action can have numerous phases. While the parties' postures on individual matters may be more or less justified, the EAJA-like other fee-shifting statutes-favors treating a case as an inclusive whole, rather than as atomized line-items." *Id.* at 161-162.

In this case, the government's conduct as a whole was substantially justified as its pre-litigation conduct was substantially justified and its litigation conduct was entirely justified.

### The Government's Litigation Conduct

The government's position may be substantially justified even if it did not prevail in defending the ALJ's decision to deny benefits in the district court. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988).

The government's litigation conduct was justified because Plaintiff did not explicitly make the claims that resulted in remand – either in her complaint or her fact and law summary. The meritorious

claims were suggested by the Court sua sponte: "Plaintiff's fact and law summary implicitly raises some case-dispositive issues, which the Commissioner has not been given a fair opportunity to address." Docket 33, p. 1. The Court entered an Order For Further Briefing to the effect that "if she so chooses, either party may ... file a supplemental brief." *Id.*

The Commissioner cannot be faulted for failing to perceive and take up on her own initiative the matters that resulted in the Court's Order For Further Briefing. Nor was she "unjustified" in complying with the Court's Order For Further Briefing.

In its prior Memorandum Opinion and Order, the Court analyzed Plaintiff's claims presented in her fact and law summary and found them to be without merit. Docket 38, pp. 5-11. The Court remanded based solely upon the issues raised sua sponte.[1]

### The Government's Pre-Litigation Conduct

In this case, the Court did not hold that the ALJ's ultimate finding of lack of disability was necessarily insupportable or unjustified but only that a new decision was required to address certain apparent inconsistencies between the ALJ's findings in his written decision and limitations the ALJ asked the vocational expert to assume at the administrative hearing. See Memorandum Opinion and Order remanding this case to the Commissioner for further administrative proceedings at Docket 38.

In considering whether the ALJ's decision was "substantially justified" for EAJA purposes, courts have distinguished between remands involving "mere articulation errors" (cases in which there may be record evidence to support the ALJ's decision, but the ALJ failed to adequately articulate his reasoning) and remands where the district court determines that the evidence, even when properly considered, does not support the ALJ's ultimate finding of lack of disability. See *Boran ex rel. Ball v. Commissioner*,

---

[1] The Court has located one case within the Sixth Circuit in which an EAJA application was denied because the meritorious claim was raised by the Court sua sponte. *Goff v. Astrue*, 2009 WL 648965 (E.D.Ky.) ("Defendant was substantially justified.... [The meritorious] issue was raised ... by the Court sua sponte").

2013 WL 3212508 (N.D.Ohio) (collecting authorities).  While there is no per-se rule, the "mere articulation error" cases more likely involve a substantially-justified ALJ position.

The remand in this case was predicated upon an articulation error.

Because the government's litigation conduct was completely justified and its pre-litigation (adjudicative) conduct was substantially justified, the government's overall position was "substantially justified" as contemplated by 28 U.S.C. § 2412(d).

**<u>ORDER</u>**

Plaintiff's motion for attorney fees under the Equal Access to Justice Act (Docket 40) is DENIED. This is a final and appealable Order, and there is no just cause for delay.